UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TASHA BEARD, MARLON BELL, KIMBERLY CASTILLO, CALEB CHEELY, NORMA CRIOLLO, and DERICK GODFREY, on behalf of themselves and others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>McDONALD'S CORPORATION, McDONALD'S U.S.A., LLC,  McDONALD'S RESTAURANTS OF NEW YORK, INC.,<br><br>        Defendants. | Case No. 14-CV-1664 (KAM)(RER)<br><br>ECF CASE<br><br>**ANSWER TO COMPLAINT** |

  McDonald's Corporation, McDonald's USA, LLC, and McDonald's Restaurants of New York, Inc. ("Defendants"), for their Answer to the Complaint of Plaintiffs Tasha Beard, Marlon Bell, Kimberly Castillo, Caleb Cheely, Norma Criollo, and Derick Godfrey ("Plaintiffs"), state as follows:

  In response to the unnumbered paragraph on page 1 of the Complaint, Defendants admit that each Plaintiff is employed by McDonald's Restaurants of New York, Inc. as either a crew person or crew trainer.  Defendants admit that Plaintiffs purport to bring a wage and hour action against Defendants on behalf of themselves and others whom they allege are similarly situated.  Defendants deny that there are other similarly situated individuals and deny that this matter is maintainable on a class basis.  Defendants deny the remaining allegations in the unnumbered paragraph on page 1 of the Complaint.

## NATURE OF THE ACTION

1. Defendants admit that Plaintiffs purport to seek relief for certain alleged violations. Defendants deny that they have committed or have any liability for any violations, and deny the remaining allegations in Paragraph 1 of the Complaint.

2. Defendants admit that McDonald's Corporation reported annual gross revenues of over $27 billion in 2013 and also admit that more than 33,000 restaurants are operated under the McDonald's brand globally, which includes corporate-owned-and-operated restaurants and independently-operated franchise restaurants. Defendants admit that Plaintiffs allege certain wage and hour violations at restaurants in New York that are owned-and-operated by McDonald's Restaurants of New York, Inc.[1] Defendants deny that they have committed or have any liability for any violations, and deny the remaining allegations in Paragraph 2 of the Complaint.

3. Defendants deny that each Plaintiff performs all of the duties enumerated in Paragraph 3 of the Complaint and therefore deny the allegations in Paragraph 3 of the Complaint.

4. Defendants admit that McDonald's Restaurants of New York, Inc. pays Plaintiffs and other employees an hourly rate at or above the minimum wage rate. Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5. Footnote 1 to Paragraph 5 states a legal conclusion to which no response is required. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6. Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

---

[1] Because Plaintiffs' allegations are limited to restaurants owned and operated by McDonald's Restaurants of New York, Inc. and employees in those restaurants, the admissions, denials and other responses in this answer are also so limited.

8. Defendants admit that Plaintiffs purport to bring this case on a class basis and that Plaintiffs define an alleged class. Defendants deny that this action may be maintained on a class basis and deny the remaining allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint states a legal conclusion to which no response is required.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants admit that Plaintiffs purport to bring this action on behalf of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and that Plaintiffs define an alleged class. Defendants deny that this action may be maintained as a class action, and deny any remaining allegations in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12. Defendants admit that this Court has jurisdiction over Plaintiffs' claims in this action.

13. Defendants admit that venue is proper, that Plaintiffs Beard, Bell, Castillo, and Cheely work at restaurants located within the Eastern District of New York, that McDonald's Restaurants of New York, Inc. operates restaurants in New York, and that Defendants conduct business within the Eastern District of New York. Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

## PARTIES

14. Defendants admit that McDonald's Corporation is a Delaware corporation and that its principal executive offices are currently at One McDonald's Plaza, Oak Brook, Illinois. Defendants admit that McDonald's Corporation has done business in New York and other states and countries. Defendants admit that more than 33,000 restaurants are operated under the

McDonald's brand globally. Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15. Defendants admit that McDonald's USA, LLC is a Delaware corporation and that its main office is currently at One McDonald's Plaza, Oak Brook, Illinois. Defendants admit that McDonald's USA, LLC is a wholly-owned subsidiary of McDonald's Corporation that does business in New York and other states franchising quick service restaurants that, among other things, prepare, assemble, package, and sell a limited menu of foods. Defendants admit that McDonald's Corporation is the parent corporation of McDonald's USA, LLC. Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16. Defendants admit that they conduct business in New York. Defendants admit that McDonald's Restaurants of New York, Inc. is a New York corporation, that its corporate headquarters is located in Oak Brook, Illinois, that it is a wholly-owned subsidiary of McDonald's USA, LLC, that as of December 31, 2012, it owned and operated 34 McDonald's restaurants in New York, and that it continues to operate McDonald's restaurants in the State of New York. Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17. Defendants admit that each Defendant has had annual gross operating revenues in excess of $500,000. Defendants deny any remaining allegations in Paragraph 17 of the Complaint.

18. Defendants admit that each Defendant is an employer of its own employees within the meaning of 29 U.S.C. § 203(d) and NYLL § 190, but denies that any Defendant is an employer of the other Defendants' employees and denies the remaining allegations in Paragraph 18 of the Complaint.

19. Defendants admit that each Plaintiff works as either a crew person or crew trainer at a restaurant that is owned and operated by McDonald's Restaurants of New York, Inc. Defendants admit that Plaintiffs bring this action on their own behalf and purport to bring it as representatives of a proposed class of similarly situated employees. Defendants deny that there are other similarly situated individuals, deny that this action may be maintained on a class basis, and deny the remaining allegations in Paragraph 19 of the Complaint.

20. Defendants state that Plaintiff Tasha Beard is employed as a crew person at a restaurant that is owned and operated by McDonald's Restaurants of New York, Inc. and located at 88-05 Astoria Boulevard in East Elmhurst, Queens, New York. Defendants deny the remaining allegations in Paragraph 20 of the Complaint.

21. Defendants state that Plaintiff Marlon Bell is employed as a crew trainer at a restaurant that is owned and operated by McDonald's Restaurants of New York, Inc. and located at 121 Merrick Road in Lynbrook, New York. Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22. Defendants state that Plaintiff Kimberly Castillo is employed as a crew person at a restaurant that is owned and operated by McDonald's Restaurants of New York, Inc. and located at 88-05 Astoria Boulevard in East Elmhurst, New York. Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23. Defendants state that Plaintiff Caleb Cheely is employed as a crew person at a restaurant that is owned and operated by McDonald's Restaurants of New York, Inc. and located at 114-01 Sutphin Boulevard in Jamaica, Queens, New York. Defendants deny the remaining allegations in Paragraph 23 of the Complaint.

24. Defendants state that Plaintiff Norma Criollo is employed as a crew person at a restaurant that is owned and operated by McDonald's Restaurants of New York, Inc. and located at 265 Route 59 in Nanuet, New York. Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

25. Defendants state that Plaintiff Derick Godfrey is employed as a crew person at a restaurant that is owned and operated by McDonald's Restaurants of New York, Inc. and located at 246 Route 104 in Oswego, New York. Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26. Based upon information and belief, Defendants admit the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

## FACTUAL ALLEGATIONS

28. Defendants admit that McDonald's Restaurants of New York, Inc. employs hourly, nonexempt crew persons. Defendants deny that all crew persons perform all of the duties enumerated in Paragraph 28 and deny the remaining allegations in Paragraph 28 of the Complaint.

29. Defendants state, upon information and belief, that the internal and publicly filed documents referenced in Paragraph 29, to the extent authenticated, are documents that speak for themselves. Defendants deny any remaining allegations in Paragraph 29 of the Complaint.

30. Defendants admit that certain public filings use the phrase "McDonald's System," and further state that such public filings are documents that speak for themselves. Defendants deny the remaining allegations in Paragraph 30 of the Complaint.

31. Defendants admit that corporate-owned-and-operated McDonald's restaurants are required to adhere to certain standards and policies but deny that Paragraph 31 fully and

accurately describes those standards and policies and therefore deny the remaining allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants admit that Plaintiffs and other nonexempt employees of McDonald's Restaurants of New York, Inc. are required to record their time worked through time punches. Defendants deny that such nonexempt employees are required to record all short, unpaid breaks and therefore deny the remaining allegations in Paragraph 33 of the Complaint.

34. Defendants admit that computer systems record time punches of Plaintiffs and other nonexempt employees of McDonald's Restaurants of New York, Inc. and that such time punches and other records are used to generate payroll and track labor costs. Defendants deny the remaining allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants admit that McDonald's Restaurants of New York, Inc. focuses on branding and consistency of operations and that the Golden Arches symbol marks restaurant locations owned and operated by McDonald's Restaurants of New York, Inc. Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

38. Defendants admit that employees in corporate-owned-and-operated restaurants are required to wear certain clothing items to work. Defendants deny the remaining allegations in Paragraph 38 of the Complaint.

39. Defendants admit that Oswego is located approximately thirty-five miles north of Syracuse on the shore of Lake Ontario and that weather conditions in Oswego are often cold in the winter months. Defendants admit that Plaintiff Godfrey at times served customers at the

drive-thru window and that he asked to wear a hoodie over his work clothes. Defendants deny the remaining allegations in Paragraph 39 of the Complaint.

40. Defendants admit that employees in restaurants owned and operated by McDonald's Restaurants of New York, Inc. wear black pants that do not contain a logo. Defendants admit that Plaintiff Castillo ordinarily works in the plain view of customers. Defendants lack sufficient knowledge or information to admit or deny the allegation that Castillo was required to work in the back of the restaurant because she had worn her own pair of black pants. Defendants deny the remaining allegations in Paragraph 40 of the Complaint.

41. Defendants admit that an appearance policy, which is applicable to all employees in restaurants owned and operated by McDonald's Restaurants of New York, Inc., requires that clean work clothes be worn whenever on the job. Defendants deny all remaining allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants admit that Plaintiffs and other employees of McDonald's Restaurants of New York, Inc. are required to meet a standard of cleanliness with regard to their work clothes. Defendants deny the remaining allegations in Paragraph 44 of the Complaint.

45. Defendants are without adequate knowledge to admit or deny the allegations regarding when and how Plaintiffs Castillo and Criollo choose to wash their work clothes. Defendants admit that Plaintiff Castillo often works four or five days per week and that Plaintiff Criollo often works five days a week. Defendants deny the remaining allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants admit that Plaintiffs and other employees of McDonald's Restaurants of New York, Inc. are required to wear certain clothes and other items to work. Defendants deny the remaining allegations in Paragraph 50 of the Complaint.

51. Defendants state that Plaintiff Beard has been employed by McDonald's Restaurants of New York, Inc. as a crew person since September 2011. Defendants deny the remaining allegations in Paragraph 51 of the Complaint.

52. Defendants admit that when Plaintiff Beard was initially hired, she was compensated on an hourly basis at a rate of $7.25 per hour and that Plaintiff Beard has been compensated at a rate of $8.00 per hour since December 31, 2013. Defendants deny the remaining allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants admit that Plaintiff Bell has been employed by McDonald's Restaurants of New York, Inc. as a crew person or crew trainer since approximately January 2012. Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55. Defendants admit that from January 2012 to June 30, 2012, Plaintiff Bell was compensated on an hourly basis at a rate of $7.25 per hour and that since December 31, 2013, Bell has been compensated at a rate of $8.00 per hour. Defendants state that Plaintiff Bell received a number of pay increases between June 30, 2012 and December 31, 2013. Defendants deny the remaining allegations in Paragraph 55 of the Complaint.

56. Defendants admit that Plaintiff Bell worked on average between 30 and 40 hours per week from his start date in January 2012 to approximately October 2013. Defendants deny the remaining allegations in Paragraph 56 of the Complaint.

57. Defendants admit that Plaintiff Castillo has been employed by McDonald's Restaurants of New York, Inc. as a crew person since approximately October 2013. Defendants deny the remaining allegations in Paragraph 57 of the Complaint.

58. Defendants admit that from October 2013 through December 2013, Plaintiff Castillo was compensated on an hourly basis at a rate of $7.50 per hour and that since December 31, 2013, Castillo has been compensated at a rate of $8.00 per hour. Defendants deny the remaining allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants admit that Plaintiff Cheely was employed by McDonald's Restaurants of New York, Inc. as a crew person from approximately August 21, 2012 through April 2013, when the restaurant where he worked was closed for renovations, and again since January 2014 when the restaurant was reopened. Defendants deny the remaining allegations in Paragraph 60 of the Complaint.

61. Defendants admit that from August 2012 until April 26, 2013, Plaintiff Cheely was compensated on an hourly basis at a rate of $7.50 per hour and that since January 12, 2014 Plaintiff Cheely has been compensated at a rate of $8.15 per hour. Defendants deny the remaining allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants admit that Plaintiff Criollo has been employed by McDonald's Restaurants of New York, Inc. as a crew person since approximately October 2011. Defendants deny the remaining allegations in Paragraph 63 of the Complaint.

64. Defendants state that when Plaintiff Criollo began working at McDonald's Restaurants of New York, Inc. in October 2011, she was compensated on an hourly basis at a rate of $7.50 per hour and received periodic increases thereafter. Defendants admit that effective December 31, 2013, Plaintiff Criollo's rate of pay was raised to $8.43 per hour, and was later reduced to $8.20 per hour. Defendants deny the remaining allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. Defendants state that Plaintiff Godfrey has been employed by McDonald's Restaurants of New York, Inc. as a crew person since approximately July 2013. Defendants deny the remaining allegations in Paragraph 66 of the Complaint.

67. Defendants admit that since December 31, 2013, Plaintiff Godfrey has been compensated on an hourly basis at a rate of $8.00 per hour. Defendants deny the remaining allegations in Paragraph 67 of the Complaint.

68. Defendants admit the allegations in Paragraph 68 of the Complaint.

## CLASS ACTION ALLEGATIONS

69. Defendants admit that Plaintiffs purport to bring this action on behalf of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and purport to seek relief for certain alleged violations. Defendants deny that this action may be maintained as a class action, deny that they have committed or have liability for any violations, and deny any remaining allegations in Paragraph 69 of the Complaint.

70. Defendants admit that the proposed class comprises over one thousand persons. Defendants deny the remaining allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants admit that payroll records for employees of McDonald's Restaurants of New York, Inc. contain, for each employee, the hours compensated each week, the hourly rate, and employee earnings and other payments. Defendants deny the remaining allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

## FIRST CAUSE OF ACTION

77. In response to Paragraph 77 of the Complaint, Defendants state that their responses to the allegations in Paragraphs 1 through 76 are incorporated herein as if fully set forth.

78. Defendants deny that all provisions of Article 19 of the Labor Law and its supporting regulations apply to all employees of Defendants and therefore deny the allegations in paragraph 78.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

## SECOND CAUSE OF ACTION

82. In response to Paragraph 82 of the Complaint, Defendants state that their responses to the allegations in Paragraphs 1 through 81 are incorporated herein as if fully set forth.

83. Defendants deny the allegations in Paragraph 83 of the Complaint

84. Defendants deny the allegations in Paragraph 84 of the Complaint

85. Defendants admit the allegations in Paragraph 85 of the Complaint.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Complaint.

## THIRD CAUSE OF ACTION

89. In response to Paragraph 89 of the Complaint, Defendants state that their responses to the allegations in Paragraphs 1 through 88 are incorporated herein as if fully set forth.

90. Defendants deny the allegations in Paragraph 90 of the Complaint.

91. Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Complaint.

94. Defendants deny the allegations in Paragraph 94 of the Complaint.

## PRAYER FOR RELIEF

95. Defendants admit that Plaintiffs seek certain relief, but deny that Plaintiffs or anyone else is entitled to the relief requested in Paragraph 95 of the Complaint.

96. Defendants admit that Plaintiffs seek certain relief, but deny that Plaintiffs or anyone else is entitled to the relief requested in Paragraph 96 of the Complaint.

97. Defendants admit that Plaintiffs seek certain relief, but deny that Plaintiffs or anyone else is entitled to the relief requested in Paragraph 97 of the Complaint.

98. Defendants admit that Plaintiffs seek certain relief, but deny that Plaintiffs or anyone else is entitled to the relief requested in Paragraph 98 of the Complaint.

99. Defendants admit that Plaintiffs seek certain relief, but deny that Plaintiffs or anyone else is entitled to the relief requested in Paragraph 99 of the Complaint.

100. Defendants admit that Plaintiffs seek certain relief, but deny that Plaintiffs or anyone else is entitled to the relief requested in Paragraph 100 of the Complaint.

101. Defendants admit that Plaintiffs seek certain relief, but deny that Plaintiffs or anyone else is entitled to the relief requested in Paragraph 101 of the Complaint.

102. In response to the jury trial demand on page 22 of the Complaint, Defendants admit that Plaintiffs have demanded that their claims be tried by a jury to the extent authorized by law.  Defendants state that whether Plaintiffs' claims are so triable is a legal conclusion to which no response is required.

103. Defendants deny each and every allegation not specifically admitted herein.

## DEFENSES

Without assuming any burden of proof they would not otherwise bear, Defendants assert the following defenses:

## FIRST DEFENSE

Plaintiffs and any individuals whom Plaintiffs seek to represent have failed, in whole or in part, to state claims upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs and any individuals whom Plaintiffs seek to represent fail to state a claim against Defendants McDonald's Corporation and McDonald's USA., LLC because those entities were not their employer.

## THIRD DEFENSE

Plaintiffs' claims and the claims of any individuals whom they seek to represent are barred by the wash and wear exception to the uniform maintenance pay provision of the New York Hospitality Industry Wage Order.

## FOURTH DEFENSE

Defendants acted in good faith and had reasonable grounds for believing that they were in compliance with the FLSA and New York Labor Law ("NYLL").

## FIFTH DEFENSE

Plaintiffs are not entitled to class action certification under Fed. R. Civ. P. 23 because Plaintiffs cannot satisfy the requirements for bringing a class action and Plaintiffs cannot adequately represent the interests of potential class members.

## SIXTH DEFENSE

Plaintiffs' attempt to pursue this case as a collective and/or class action violates Defendants' constitutional right to due process and/or a jury trial.

## SEVENTH DEFENSE

Plaintiffs' claims and the claims of any individuals whom Plaintiffs seek to represent are barred, in whole or in part, because the time periods for which they are claiming entitlement to pay fall within the *de minimis* exception.

**EIGHTH DEFENSE**

Plaintiffs' claims and the claims of any individuals whom Plaintiffs seek to represent are barred as to all hours of alleged work of which Defendants lacked actual or constructive knowledge.

**NINTH DEFENSE**

Plaintiffs' claims and the claims of any individuals whom Plaintiffs seek to represent are barred as to all hours during which Plaintiffs or other individuals were engaged in activities that were preliminary or postliminary to their principal activities.

**TENTH DEFENSE**

Plaintiffs' claims and the claims of any individuals whom Plaintiffs seek to represent are barred, in whole or in part, to the extent that they violated practices and guidelines or worked in violation of direct orders of their supervisors and/or failed to avail themselves of complaint reporting mechanisms.

**ELEVENTH DEFENSE**

The state law claims of Plaintiffs and any individuals whom Plaintiffs seek to represent fail in whole or in part to the extent that they are superseded or preempted by the FLSA, or are based on statutes and/or regulations that are impermissibly retroactive, ultra vires or otherwise unenforceable.

**TWELFTH DEFENSE**

Plaintiffs' claims and the claims of any individuals whom Plaintiffs seek to represent are barred, in whole or in part, by applicable statutes of limitations.

### THIRTEENTH DEFENSE

The claims of Plaintiffs and any individuals whom Plaintiffs seek to represent are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, off-set, unclean hands, payment and/or lack of standing.

### FOURTEENTH DEFENSE

No act or omission of Defendants was willful, knowing, or in reckless disregard of the provisions of the applicable law.

### FIFTEENTH DEFENSE

Some or all of Plaintiffs' claims and the claims of any individuals whom they seek to represent are barred, in whole or in part, by exemptions, exclusions, exceptions, or credits under the FLSA and/or New York law.

Defendants reserve the right to amend this Answer and add additional defenses as discovery may warrant.

WHEREFORE, Defendants respectfully request that Plaintiffs and the putative class members take nothing by reason of their Complaint, that this Court dismiss the Complaint with prejudice and award Defendants their costs and attorneys' fees, and that Defendants be awarded such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: April 24, 2014<br>New York, New York | Respectfully submitted,<br><br>s/ Matthew W. Lampe<br>Matthew W. Lampe (ML-2602)<br>Wendy C. Butler (WB-2539)<br>JONES DAY<br>222 East 41st Street<br>New York, New York 10017<br>Tel: 212.326.3939<br>Fax: 212.755.7306<br>mwlampe@jonesday.com<br>wbutler@jonesday.com<br><br>*Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2014, the foregoing ANSWER TO COMPLAINT was filed with the Clerk of Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

James Reif
Gladstein, Reif & Meginniss, LLP
817 Broadway
6th Floor
New York, NY 10003
jreif@grmny.com

Joseph M. Sellers
Abigail E. Shafroth
Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW
Suite 500
Washington, DC 20005
jsellers@cohenmilstein.com
ashafroth@cohenmilstein.com

/s/ Matthew W. Lampe
Matthew W. Lampe (ML-2602)
JONES DAY
222 East 41st Street
New York, New York 10017
Tel: 212.326.3939
Fax: 212.755.7306
mwlampe@jonesday.com

*Attorney for Defendants*