```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

TASHA BEARD, MARLON BELL, KIMBERLY
CASTILLO, CALEB CHEELY, NORMA CRIOLLO,
and DERICK GODFREY, on behalf of
themselves and other similarly
situated,                                       ORDER
                                                14-CV-1664 (KAM)(RER)
                    Plaintiffs,

     -against-

MCDONALD'S CORPORATION, MCDONALD'S
U.S.A., LLC, MCDONALD'S RESTAURANTS OF
NEW YORK, INC.,
                    Defendants.

----------------------------------------X
```
**MATSUMOTO, United States District Judge:**

Before the court is defendants McDonald's Corporation, McDonald's U.S.A., LLC, and McDonald's Restaurants of New York, Inc.'s unopposed motion[1] to dismiss with prejudice plaintiff Derick Godfrey's claims pursuant to Federal Rules of Civil Procedure 16(f) and 37(b)(2)(A) for Mr. Godfrey's failure to comply with Magistrate Judge Reyes's discovery scheduling order requiring Mr. Godfrey to respond to McDonald's Restaurants of New York's discovery requests by October 31, 2014. For the reasons set forth below, Mr. Godfrey is granted a final opportunity to demonstrate cause for his failure to comply with Judge Reyes's

---

[1] On February 18, 2015, defendants filed a letter requesting a pre-motion conference regarding their anticipated motion to dismiss Mr. Godfrey's claims, in which they represented that defendants would not need to submit additional briefing. (*See* ECF No. 25.) Counsel for plaintiffs, including Mr. Godfrey, does not oppose defendants' motion to dismiss Mr. Godfrey's claims, and neither Mr. Godfrey's counsel nor Mr. Godfrey has responded to defendants' pre-motion conference letter seeking leave to move to dismiss. Accordingly, the court will treat the arguments set forth in defendants' pre-motion

order and to show cause why this court should not dismiss his claims for failure to comply with the order. If Mr. Godfrey fails to respond to this Order within two weeks from the date of this Order, or by April 27, 2015, his claims will be dismissed pursuant to Rules 16(f) and 37(b)(2)(A).

## BACKGROUND

On July 31, 2014, eight named plaintiffs filed an amended complaint in this putative class action on behalf of certain other hourly, nonexempt employees in New York, alleging violations of their rights under federal and state wage and hour laws. (*See generally* ECF No. 13, Amended Complaint.) On August 4, 2014, defendant McDonald's Restaurants of New York, Inc. served its First Set of Interrogatories and First Set of Requests for Production ("Discovery Requests") on the eight named plaintiffs. (*See* ECF No. 25, Pre-Motion Conference Letter from Wendy C. Butler dated 2/18/15 ("Def. Letter") Ex. A, Excerpts from Defendant's Discovery Requests.) Plaintiffs' responses to the Discovery Requests were due on September 8, 2014. (*Id.*) On the September 8th deadline, plaintiffs' counsel served responses and objections on behalf of most of the named plaintiffs but requested a week-long extension to serve responses from Mr. Godfrey and certain other plaintiffs; McDonald's Restaurants of New York consented to the requested extension. (*Id.*) By September 22, 2014, plaintiffs' counsel had served discovery

---

conference letter as a letter motion.

2

responses on behalf of all named plaintiffs except Mr. Godfrey, responses from whom are still outstanding. (*Id.*)

Counsel for defendants raised Mr. Godfrey's failure to respond during a September 23, 2014 conference with Magistrate Judge Reyes, who subsequently issued an Amended Case Management Plan, directing Mr. Godfrey to respond to McDonald's Restaurants of New York's Discovery Requests by October 31, 2014. (*See* ECF No. 17 dated 10/15/14; Electronic Order dated 10/15/14.) On the October 31, 2014 deadline, counsel for Mr. Godfrey advised counsel for defendants that "despite . . . diligent efforts, [plaintiffs' counsel] have been unable to obtain any response from Mr. Godfrey to numerous communications from [them] concerning his responsibilities in respect to Defendants' discovery demands." (*See* Def. Letter Ex. B, Letter from James Reif to Wendy Butler dated 10/31/14.) Plaintiffs' counsel further advised that they "[did] not anticipate service of any responses thereto or any documents in response thereto" on behalf of Mr. Godfrey. (*Id.*) Mr. Godfrey's counsel detailed the efforts they made to contact Mr. Godfrey regarding his discovery obligations, including phone calls and voicemails, emails, letters to his street address and post office box, and a messenger dispatched to his home address in Oswego, New York. (*Id.*) Although the messenger was able to locate one of Mr. Godfrey's parents, the parent declined to provide the messenger with information regarding Mr. Godfrey's whereabouts. (*Id.*) Mr.

3

Godfrey has neither contacted his counsel since the Discovery Requests were served by defendant McDonald's Restaurants of New York on August 4, 2014, nor contacted the court or defendants independently of his counsel. After failing to obtain a response from Mr. Godfrey, his counsel has represented that they do not oppose defendants' motion to dismiss Mr. Godfrey's claims with prejudice.

## ANALYSIS

A court may impose sanctions, including dismissal with prejudice, based on a party's failure to comply with court orders. *See* Fed. R. Civ. P. 16(f); 37(b)(2)(A)(v). District courts must consider several factors in determining whether to dismiss an action under Rule 37(b)(2)(A)(v), including: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal citations and question marks omitted). The Second Circuit has recognized that "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Agiwal*, 555 F.3d at 302 (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990)). As discussed below, each

4

factor weighs in favor of dismissing Mr. Godfrey's claims.

### I. Willfulness of Non-Compliance

"Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." *Figueroa v. Verizon Bus. Network Services, Inc.*, No. 13 CIV. 4815, 2015 WL 1223801, at *3 (S.D.N.Y. Mar. 17, 2015) (internal citation and quotation marks omitted). Here, the extended deadline for Mr. Godfrey's responses was made clear in Judge Reyes's Amended Case Management Order, and Mr. Godfrey's counsel made repeated efforts to inform him of the deadlines and secure responses from him. Plaintiffs' counsel has called, emailed, sent letters to, and attempted to visit Mr. Godfrey in an effort to secure his compliance with the court-ordered discovery deadline. However, Mr. Godfrey has failed to respond to his lawyers or communicate with the court since August 2014. Thus, the court finds that Mr. Godfrey's failure to comply with the court's orders is willful and weighs in favor of the imposition of sanctions.

### II. Efficacy of Lesser Sanctions

The court also finds that lesser sanctions would not be effective in this case. As described in defendants' letter and the attached exhibits, Mr. Godfrey has not responded to his counsel in over eight months and has failed to justify his non-compliance to the court or respond at all to the instant

5

application by defendants to dismiss his claims. Mr. Godfrey's counsel's inability to locate Mr. Godfrey has stalled all discovery with respect to his claims while discovery has progressed with respect to the other named plaintiffs. It is Mr. Godfrey's responsibility to keep his counsel apprised of his current contact information, in the event that it has changed. Because Mr. Godfrey's counsel is unable to reach him, there is nothing in the record to indicate that lesser sanctions would be effective in securing Mr. Godfrey's compliance with this court's orders. Mr. Godfrey's "deliberate and persistent noncompliance," see *Figueroa*, 2015 WL 1223801, at *3, as well as his decision to stop communicating with his counsel altogether, weighs in favor of dismissal of his claims.

### III. Duration of Non-Compliance

Mr. Godfrey's noncompliance with this court's orders dates back to October 2014, when he failed to serve responses to plaintiffs' discovery requests after multiple extensions of time in which to do so; his failure to communicate with his counsel in order to satisfy his discovery obligations dates back even further, to at least August 2014. From August 4, 2014, the date that the Discovery Requests were served on plaintiffs, plaintiffs' counsel made numerous efforts to contact Mr. Godfrey, meanwhile securing multiple extensions of time to serve his responses on defendants. After Mr. Godfrey's continued failure to respond, his lawyers wrote defense counsel to inform them that

6

plaintiffs' counsel did not anticipate serving any responses on behalf of Mr. Godfrey to defendants' discovery requests directed to Mr. Godfrey. Accordingly, the court finds that the six- to eight-month duration of Mr. Godfrey's non-compliance and failure to respond to his lawyers favors dismissal.

### IV. Prior Warnings of Consequences of Non-Compliance

Finally, Mr. Godfrey has been on notice of defendants' intention to move to dismiss his claims since they filed their pre-motion conference letter on February 18, 2015. To the extent that it is unclear whether Mr. Godfrey has received actual notice of defendants' motion (versus notice via his counsel), it is due to his own failure to update his counsel with his current contact information. *See Shim Cho v. Tomczyk*, No. 05-CV-5570, 2007 WL 3254294, at *2 (E.D.N.Y. Nov. 2, 2007) ("plaintiff has a responsibility to provide proper contact information to his attorney so that his attorney can communicate with him and that delays in proceeding with this lawsuit can be avoided"). The failure of plaintiffs' counsel's diligent and persistent efforts to locate Mr. Godfrey seemingly belies any desire by Mr. Godfrey to pursue his claims. The court notes, however, that the Amended Case Management Order entered by Judge Reyes that contained the October 31, 2014 deadline for Mr. Godfrey's response to defendants' discovery requests did not contain a warning that dismissal would result from Mr. Godfrey's continued failure to respond. (*See* ECF No. 17; Electronic Order dated 10/15/14.)

7

Accordingly, in an abundance of caution, the court will provide Mr. Godfrey notice of the impending dismissal of his claims and this final opportunity to justify his failure to comply with Judge Reyes's discovery scheduling order and show cause why his claims should not be dismissed with prejudice by April 27, 2015. If Mr. Godfrey fails to respond to this Order within two weeks, or by April 27, 2015, his claims will be dismissed pursuant to Federal Rules of Civil Procedure 37(b)(2)(A) and 16(f). Counsel for plaintiffs is requested to serve a copy of this order on Mr. Godfrey at his last known postal and email addresses and note service on the docket by April 15, 2015.

**SO ORDERED.**

Dated: April 13, 2015
       Brooklyn, New York

/s/
Kiyo A. Matsumoto
United States District Judge